UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| **KAREN DEATON,** | ) | **CASE NO.** 4:08-CV-0031 |
| **PLAINTIFF,** | ) | |
| **V.** | ) | |
| **MULTI-COLOR CORPORATION AND GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,** | ) ) ) | **ANSWER** |
| **DEFENDANTS.** | | |

Comes now Defendants, Multi-Color Corporation ("MCC") and The Guardian Life Insurance Company of America ("Guardian"), through counsel, and submit their Answer to the Amended Complaint ("Complaint") filed by Karen Deaton ("Plaintiff" or "Deaton").

## GENERAL ALLEGATIONS

1. MCC admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. MCC admits that it does business in the State of Indiana and maintains a manufacturing facility in Scott County, Indiana as alleged in Paragraph 2 of Plaintiff's Complaint. MCC admits that, among other things, it manufactures labels for plastic bottles.

3. MCC admits that it offers its employees the opportunity to participate in certain employee welfare benefits plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

4. Guardian admits that it does business in the State of Indiana and, among other things, contracts with companies to provide, and administer, life insurance policies for eligible employees of the companies. MCC admits that it contracted with Guardian to provide benefits under group life insurance policy no. 374944 ("Policy") that insured the life insurance coverage provided under the Multi-Color Corporation Health and Welfare Plan ("Plan"), an employee welfare benefit plan subject to ERISA. Guardian and MCC admit that the Plaintiff is claiming life insurance benefits under the Plan and/or Policy.

5. MCC admits that open enrollment benefits meetings were conducted with its employees in or about November 2006. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. On information and belief, MCC admits that Plaintiff attended an open enrollment meeting and completed a benefits enrollment form. MCC denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit that Plaintiff submitted an enrollment form requesting consideration for insurance coverage under the Policy on her spouse's life in the amount of $50,000 effective January 1, 2007. Defendants deny any inference or allegation contained in Paragraph 7 that an individual was automatically entitled to life insurance coverage under the Plan and/or Policy by merely submitting an enrollment form.

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. On information and belief, Defendants admit that Plaintiff's spouse died on or about March 8, 2007 and that the stated cause of death was a "sudden cardiac death."

10. Guardian admits that it advised Plaintiff by letter dated March 19, 2007, that her application for life insurance coverage under the Plan and/or Policy had been denied. Guardian further admits that Plaintiff submitted a claim for death benefits but denies that the claim was submitted prior to Guardian determining that Plaintiff was not eligible for life insurance coverage under the Plan and/or Policy.

11. MCC denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## COUNT I

12. Defendants incorporate by reference their Answers to Paragraphs 1 through 11 of Plaintiff's Complaint as if set forth fully herein.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNTS II & III CONTRACT VIOLATIONS

16. Defendants incorporate by reference their Answers to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. Defendants admit that a covered participant would be a third party beneficiary to the agreement with Guardian to provide life insurance benefits to MCC's employees but affirmatively deny that Plaintiff and her spouse were insured under Policy.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**COUNT IV – FRAUD & DECEPTION**

20. Defendants incorporate by reference their Answers to Paragraphs 1 through 19 of Plaintiff's Complaint as if fully set forth herein.

21. MCC denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE Clause of Plaintiff's Complaint.

28. Any allegation not specifically admitted is hereby denied.

**FIRST DEFENSE**

29. Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

30. Plaintiff's Complaint, in whole or in part, is barred for failure to exhaust administrative remedies required under the Plan and/or Policy under which she seeks benefits.

**THIRD DEFENSE**

31. Plaintiff's state law claims are pre-empted by the exclusive provisions of the Employee Retirement Income Security Act of 1974, as amended.

**FOURTH DEFENSE**

32. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**

33. All of Guardian's actions taken with respect to Plaintiff were taken for legitimate, rational reasons and were not an abuse of discretion.

**SIXTH DEFENSE**

34. Plaintiff did not meet the eligibility requirements for life insurance coverage as those requirements are defined in the Plan and/or the Policy under which she claims benefits.

**SEVENTH DEFENSE**

35. Guardian's decision that Plaintiff was not eligible for life insurance coverage was in keeping with the terms of the Plan and/or the Policy under which she

claims benefits, was supported by the evidence in the record and was not arbitrary and capricious nor an abuse of discretion.

## EIGHTH DEFENSE

36. In no event can Plaintiff recover damages other than the benefits actually due and owing under the terms of the Plan and/or Policy under which she claims benefits.

## NINTH DEFENSE

37. Guardian affirmatively states that any relief allegedly due to Plaintiff is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the applicable Plan documents and Policy documents affording life insurance benefits.

## TENTH DEFENSE

38. Plaintiff has failed to satisfy all conditions precedent to entitle her to benefits under the Plan and/or the Policy.

## ELEVENTH DEFENSE

39. Multi-Color Corporation is not a proper party to this action.

## TWELVE DEFENSE

40. Plaintiff is not entitled to a trial by jury on her claims.

**WHEREFORE**, Defendants demand:

1. That Plaintiff's Complaint be dismissed, in its entirety, with prejudice;

2. That Defendants be awarded their costs, including reasonable attorneys' fees, incurred in defending this action;

3. Such other relief to which this Court deems Defendants are entitled.

Respectfully submitted,

s/Todd B. Logsdon
Todd B. Logsdon (Indiana Atty. No. 23284-72)
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Telephone : (502) 587-3554
Fax: (502) 540-2227
tbl@gdm.com

Nicholas W. Ferrigno, Jr.
(Application for admission pending)
GREENEBAUM DOLL & MCDONALD PLLC
50 East RiverCenter Boulevard, Suite 1800
P.O. Box 2673
Covington, KY  41012-2673
Telephone:  (859) 655-6893
Fax:  (859) 655-4239
nwf@gdm.com

V. Brandon McGrath
(Application for admission pending)
GREENEBAUM DOLL & MCDONALD PLLC
2900 Chemed Center
255 E. Fifth Street
Cincinnati, OH 45202
Telephone:  (513) 455-7641
Fax:  (513) 455-8500
vbm@gdm.com

Attorneys for Defendants Multi-Color Corporation and The Guardian Life Insurance Company of America

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of March 2008, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

                                      s/Todd B. Logsdon
                                      Attorney for Defendant

2675196_3.doc